United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON WILSON,
Plaintiff,
v.
ALAMEDA COUNTY, et al.,
Defendants.

Case No. 26-cv-05248-WHO

**ORDER GRANTING MOTIONS TO DISMISS**

Re: Dkt. Nos. 8, 18

Plaintiff Jason Wilson brings this action against two of his state criminal prosecutors, Deputy District Attorneys ("DDA") Michiye Vella and Laura Anderson (collectively, "DDA Defendants"), and their employer, the County of Alameda ("County"), for alleged prosecutorial misconduct in his state criminal prosecution. The County and the DDA Defendants move to dismiss. For the below reasons, I GRANT the County's motion to dismiss Wilson's claims that are barred by *Heck* with prejudice and DISMISS the remaining claim (Count V) without prejudice. I give Wilson leave to amend to plead the remaining claim that is not barred by *Heck*. I GRANT the DDA Defendants' motion with prejudice because their actions are shielded from liability by prosecutorial immunity.

## BACKGROUND

### I. Factual Background

In June of 2023, Wilson was arrested and criminally charged in Alameda County Superior Court with felony domestic violence, felony criminal threats, felony false imprisonment by violence, and misdemeanor destroying evidence. Compl. [Dkt. No. 1] ¶ 9; County of Alameda's

Request for Judicial Notice in Support of Motion to Dismiss ("County RJN")[1] [Dkt. No. 8-1], Ex. B. Ms. Blakesley, who had made allegations against Wilson, testified during pretrial proceedings in April of 2024. Compl. ¶¶ 9, 23. Wilson possessed written communications contradicting a statement Blakesley made in her testimony. *Id.* ¶ 24. Wilson shared those written communications with the District Attorney's Office, but the prosecution did not address the discrepancy between her testimony and the written communications, nor did they disclose the communications to the defense. *Id.* ¶¶ 25, 40.

The District Attorney's Office also designated three witnesses in the criminal case, pursuant to California Evidence Code sections 1108 and 1109. *Id.* ¶ 28. On January 15, 2026, Wilson filed a civil complaint in Alameda County Superior Court against those witnesses. *Id.* ¶ 36; County Suppl. RJN, Ex. I. DDA Vella, after acknowledging she had read the complaint and its exhibits, filed applications for criminal protective orders for those witnesses in the criminal case in January and February of 2026. Compl. ¶ 37; County Suppl. RJN, Ex. H. The applications were denied. *Id.*

On June 22, 2026, Wilson pleaded no contest to a felony violation of Penal Code section 273.5 and admitted to an enhancement. County RJN, Ex. E. Wilson was subsequently sentenced to three years of formal probation on July 21, 2026. County Suppl. RJN, Ex. F.

## II. Procedural Background

On June 2, 2026, Wilson filed this suit against the County and DDA Defendants. Dkt. No. 1. He brings claims for *Napue* and *Brady* violations and state law civil conspiracy against all defendants, a claim for First Amendment retaliation against the County and DDA Vella, and a *Monell* and equal protection claim against the County. *See* Compl. ¶¶ 57–72. The County moved

[1] In support of their motions, the County and the DDA Defendants request judicial notice of the court records in the state criminal case, *People v. Wilson*, Ala. Co. Sup. Ct., Crim. Case No. 23-CV-005916, and in the civil case Wilson filed against several prosecution witnesses, Ala. Co. Sup. Ct., Case No. 26-CV-164816. County RJN; County of Alameda's *Supplemental* Request for Judicial Notice in Support of Motion to Dismiss ("County Suppl. RJN") [Dkt. No. 15-1]; Vella and Anderson's Request for Judicial Notice in Support of Motion to Dismiss ("DDA Defendants' RJN") [Dkt. No. 18-1]. I take judicial notice of those records. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings and other matters of public record).

to dismiss on June 26, 2026, arguing that the complaint fails to state a claim and that the claims were barred by the *Heck* doctrine. *See* County of Alameda's Motion to Dismiss Complaint ("County Mot.") [Dkt. No. 8]. The DDA Defendants moved to dismiss on August 31, 2026, arguing that all of the claims against them were barred by prosecutorial immunity. *See* Dkt. No. 18. I heard oral argument on October 7, 2026.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport*

*Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

### I. County of Alameda's Motion to Dismiss

Under the doctrine established by the Supreme Court in *Heck v. Humphrey*, when a plaintiff seeks damages in a section 1983 suit, "the district court must consider whether judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, Wilson's claims asserted against the County stem from his state criminal proceedings, so the critical question is whether the success of a given claim would necessarily imply the invalidity of his conviction. Below, I discuss each claim and whether it is barred by the *Heck* doctrine or whether Wilson fails to state a claim.

#### A. First cause of action

Wilson's first cause of action asserts that defendants failed to correct testimony they knew to be false, in violation of the due process guarantee of the Fourteenth Amendment. Compl. ¶ 58. The Fourteenth Amendment "cannot tolerate a state criminal conviction obtained by the knowing use of false evidence," so judgment in Wilson's favor on this claim would necessarily imply the invalidity of his conviction. *Miller v. Pate*, 386 U.S. 1, 7 (1967). That "prohibition against the use of false testimony applies even when the testimony in question was relevant only to the

witness's credibility." *Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2018).

Wilson contends that the *Heck* bar does not apply because he entered a no contest plea and maintained his innocence. Plaintiff's Opposition to Defendant County of Alameda's Motion to Dismiss ("County Oppo.") [Dkt. No. 14] at 8–10. But the *Heck* doctrine applies to no contest pleas and guilty pleas alike. *Jaa v. City of Dublin*, No. 14-CV-03260-WHO, 2015 WL 1967344, at *3 (N.D. Cal. Apr. 30, 2015). Wilson cites to cases in which the plaintiff pleaded nolo contendere and the Ninth Circuit held that *Heck* did not bar the plaintiff's section 1983 claim, but in those cases no evidence was introduced against the plaintiffs. *Lockett v. Ericson*, 656 F.3d 892, 896–97 (9th Cir. 2011). As a result, the conviction derived only from the plea, not from a verdict obtained with supposedly illegal evidence. *Id.* The Ninth Circuit recently clarified that "the rule remains that a [section] 1983 claim for damages is *Heck*-barred when a successful action would necessarily call the plaintiff's conviction into question." *Zuegel v. Mountain View Police Dep't*, No. 21-16277, 2024 WL 1007500, at *1 (9th Cir. Mar. 8, 2024).

At the hearing, Wilson argued that his *Napue* and *Brady* claims would not necessarily call his conviction into question because those claims were directed at evidentiary violations underlying his oral copulation charge, not the felony domestic violence charge for which he pleaded no contest. *See* Compl. 20–22, 57–60; County RJN, Ex. E. As part of his no contest plea, the oral copulation charge was dismissed. *See* County Suppl. RJN, Ex. G. He asserted that success on his claims would not necessarily imply the invalidity of his conviction given that the evidentiary violations concerned a charge that was dismissed, not the one underlying his plea.

It is true that my inquiry must "focus[] only on the specific offense of which [Wilson] was ultimately *convicted*," and "[a] civil claim that would only undermine a charge offense that was later dropped is not sufficient to trigger the *Heck* bar." *Mayfield v. City of Mesa*, 131 F.4th 1100, 1108 (9th Cir. 2025). But the evidentiary violations in question, if shown, would impact the conviction, not just the dismissed charge. As the County explains in its reply, because the conviction is based on Blakesley's testimony, this claim, if proven, would bear on her credibility and necessarily imply the invalidity of the conviction. County of Alameda's Reply in Support of Motion to Dismiss Complaint ("County Reply") [Dkt. No. 15] at 10. Accordingly, the first cause

United States District Court
Northern District of California

of action must be dismissed.

Wilson also fails to state a claim against the County. The first cause of action is based on allegations that prosecutors failed to correct testimony made during pretrial proceedings after Wilson shared contradictory communications. Compl. ¶¶ 23–25, 58. The County cannot be held vicariously liable under section 1983 merely for employing the prosecutors. *See Bd. of Cnty. Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997) (explaining that a plaintiff seeking to impose liability on a municipality under section 1983 must identify a municipal "policy" or "custom" that caused the plaintiff's injury). Absent factual allegations supporting a County policy, custom, or practice that caused the violation, the complaint's existing allegations are insufficient.

**B. Second cause of action**

In his second cause of action, Wilson asserts *Brady* violations based on defendants' possession and failure to disclose certain categories of impeachment evidence. Compl. ¶ 60. Success on this claim would "necessarily imply the invalidity of his conviction" because a successful *Brady* claim requires "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Park v. Curtis*, No. 25-CV-07366-JSC, 2025 WL 3251603, at *6 (N.D. Cal. Nov. 21, 2025). To the extent Wilson contends that the impeachment evidence bore on Blakesley's reliability or was otherwise material, it had that effect on the conviction, not merely the dismissed charge. *See* County Reply at 11. *Heck* bars this claim, too.

As with the first cause of action, Wilson also fails to state a section 1983 claim against the County. He alleges that the County had a custom of failing to disclose certain types of information as *Brady* or *Giglio* material "as demonstrated by the failures described in [the] Complaint," and that the County failed to train prosecutors on the obligation to investigate and disclose various categories of information as *Brady* material. Compl. ¶¶ 43–44. However, he fails to allege facts supporting the existence of a larger custom or failure beyond defendants' actions in his criminal case. At most, the complaint describes "[i]ndividual action" by the prosecutors involved in his state court case, "[b]ut a single incident is not enough to establish a policy or

custom." *Gonzalez v. City of San Jose*, 832 F. Supp. 3d 987, 992 (N.D. Cal. 2026) (citation omitted).

**C. Third cause of action**

The third cause of action alleges that County policies, customs, and failures to train were the "moving force" behind the constitutional violations described in the first two causes of action. Compl. ¶ 62. Because his *Monell* claim is based on the two foregoing claims, it is also barred by *Heck*. And for the reasons discussed above, Wilson also fails to adequately allege that the existence of such policies, customs, or failures to train.

Wilson contends that the requisite pattern evidence is exclusively within the County's possession and that public records requests that he submitted to obtain such information have not been answered. County Oppo. at 12–13. As an initial matter, his argument is based on a declaration and attachments outside the pleadings; such material may not be considered on a motion to dismiss. *See Genna v. Digital Link Corp.*, 25 F. Supp. 2d 1032, 1035 n.1 (N.D. Cal. 1997). In any event, Wilson bears the burden of supporting each of his claims with factual allegations in his complaint.

**D. Fourth cause of action**

Wilson's equal protection claim asserts that the County has a policy, custom, and practice of "selectively and disproportionately" invoking sections 1108 and 1109 of the California Evidence Code against male defendants in domestic violence cases. Compl. ¶ 64. To the extent his claim asserts selective enforcement of those sections, it is barred by *Heck* because it implicates the validity of his conviction. *See United States v. Mumphrey*, 193 F. Supp. 3d 1040, 1059 (N.D. Cal. 2016); *see also Sams v. County of Riverside*, No. 17-CV-01848, 2019 WL 3069180, at *10 (C.D. Cal. June 14, 2019) (collecting cases holding that claims alleging discriminatory enforcement of the law implicate the validity of the defendant's conviction and sentence and are therefore barred by *Heck*).

Even if *Heck* did not bar Wilson's equal protection claim, Wilson has not sufficiently pleaded an equal protection violation. To state a claim under section 1983 for a violation of the Equal Protection Clause, a plaintiff must show that (1) he was treated differently from others

similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) the defendant acted with discriminatory intent in applying this classification; and (4) the plaintiff suffered injury as a result of the discriminatory classification. *Duke v. City Coll. of San Francisco*, 445 F. Supp. 3d 216, 228 (N.D. Cal. 2020). The complaint lacks allegations suggesting that Wilson was treated differently from others similarly situated or that the County acted with discriminatory intent in invoking Evidence Code sections 1108 and 1109.

Wilson argues that the funding the County receives under the Violence Against Women Act in practice incentivizes "a sex-differentiated pattern of charging and evidentiary practice." County Oppo. at 13–14. But funds awarded under the Violence Against Women Act are not based on the sex of the victim or perpetrator. *See* 34 U.S.C. § 12291(13) ("Civil rights," prohibiting discrimination based on sex in providing benefits); 34 U.S.C. § 20121(a) (providing aid to victims of domestic violence, without identifying those victims' gender); 20121(f)(2)(C) (funding to victims of sexual assault, without reference to gender). Moreover, Wilson's allegations are based only on his criminal case. He does not allege facts showing that he was treated differently from other defendants in domestic violence cases because of his sex. Accordingly, the complaint does not plausibly support the alleged pattern.

**E. Fifth cause of action**

The fifth cause of action alleges a First Amendment retaliation claim based on DDA Vella filing applications for criminal protective orders against Wilson after he filed a civil complaint against prosecution witnesses. Compl. ¶ 66–68. It is not clear that *Heck* bars this claim, as Wilson does not allege adverse consequences in his criminal proceedings that flow from the denied protective order applications. The County cites to *Bramscher v. Hermosa Beach Police Department*, but the plaintiff in that case claimed that the defendants falsified evidence in retaliation, a claim that, if true, would invalidate his conviction. *See* No. 20-CV-04324, 2020 WL 4819270, at *3 (C.D. Cal. Aug. 19, 2020). Here, the protective orders were denied, so Wilson prevailing on this claim would not necessarily invalidate his conviction.

In the alternative, the County argues that Wilson's claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971). *See* County Mot. at 11–12. *Younger* abstention is required when: (1) state

judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *Chan v. W. Anns California Penal Code Book*, No. 23-CV-06630-PCP, 2024 WL 4280953, at *3 (N.D. Cal. Sept. 23, 2024). Wilson asserts that the first element is not met because "the underlying criminal prosecution concluded with entry of judgment and sentence on July 21, 2026." County Oppo. at 14. The County does not rebut this point on reply, and the docket confirms that he was sentenced to formal probation in July of 2026. County Suppl. RJN, Ex. G. Because "[p]robation is not a pending criminal action for *Younger* purposes," *Younger* abstention does not bar consideration of this claim. *Almodovar v. Reiner*, 832 F.2d 1138, 1141 (9th Cir. 1987).

Even so, Wilson fails to adequately allege a retaliation claim. As with the first and second causes of action, Wilson asserts liability against the County for this cause of action based only on its employees' (DDA Vella's) actions. He nowhere alleges a County policy, custom, or practice causing the retaliation.

Wilson also fails to allege the essential elements of a retaliation claim. To state a claim for First Amendment retaliation, the plaintiff must allege that "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (citation omitted). With respect to the third prong, the plaintiff must establish a causal connection between the defendant's "retaliatory animus" and the plaintiff's "subsequent injury." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (citation omitted). Specifically, the defendant's retaliatory animus "must be a but-for cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* at 399 (internal quotations and citation omitted). "[I]f no motive can be established, then the requisite causal connection is necessarily lacking." *Colonies Partners LP v. County of San Bernardino*, No. 18-CV-00420, 2020 WL 5102160, at *23 (C.D. Cal. July 28,

2020). "A retaliation claim is not plausible if there are 'more likely explanations' for the action." *Brew v. Fehderau*, No. 17-CV-00681, 2017 WL 6611119, at *6 (E.D. Cal. Dec. 27, 2017).

The County argues, and I find, that Wilson fails to allege that there was a causal relationship between a retaliatory motive and injury. *See* County Mot. at 15. The complaint alleges that DDA Vella filed applications for protective orders after acknowledging that she had read Wilson's civil complaint and its exhibits. Compl. ¶ 37. Wilson asserts that although the applications were unsuccessful, he suffered injury in the form of "attorney's fees incurred to oppose the applications, lost business income, and the intimidation and disruption attendant to defending against them." County Oppo. at 11. These allegations do not plausibly support a causal relationship. That DDA Vella filed the applications after reading his complaint is not enough to suggest that, but for a retaliatory motive, she would not have otherwise filed those applications, given that the complaint was directed at the prosecution witnesses. *See Colonies Partners LP*, 2020 WL 5102160, at *26 (mere awareness of plaintiff's protected activity is inadequate circumstantial evidence to infer retaliatory animus substantially motivated defendants' actions); *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on the logical fallacy of "after this, therefore because of this"). Without more facts to support an inference of retaliatory intent, Wilson has not stated a plausible retaliation claim.

**F. Sixth cause of action**

In the sixth cause of action, Wilson alleges a state law claim of civil conspiracy based on an agreement between the prosecutors and the witnesses "to continue the prosecution using known problematic testimony." Compl. ¶¶ 70–72. "Courts have also dismissed state law claims under the *Heck* doctrine where a state claim arises from the same alleged misconduct that is barred by *Heck*." *Jaa*, 2015 WL 1967344, at *3. Because this claim stems from the alleged use of false testimony, it is barred by *Heck*.

The claim is also inadequately pleaded. As the County points out, state law civil conspiracy is not an independent cause of action, and a plaintiff must allege an underlying tort. *See Navarrete v. Meyer*, 237 Cal. App. 4th 1276, 1291 (2015). Wilson has neither alleged nor identified any such tort.

United States District Court
Northern District of California

**G. Constitutional challenge to California Evidence Code sections 1108 and 1109**

In his opposition, Wilson asserts that his complaint also raised a constitutional challenge to sections 1108 and 1109 of the California Evidence Code. County Oppo. at 14. The complaint alleges that those sections violate the Due Process Clause of the Fourteenth Amendment. *See* Compl. ¶¶ 39–40. However, the constitutionality of both sections is settled. *See People v. Falsetta*, 21 Cal. 4th 903, 907 (1999) (upholding constitutionality of section 1108 against due process challenge); *People v. Jennings*, 81 Cal. App. 4th 1301, 1310 (2000) (upholding constitutionality of section 1109 against due process challenge). Wilson's due process claim therefore fails as a matter of law.

**H. Claims for declaratory and injunctive relief**

Wilson seeks an injunction requiring defendants "to disclose, prior to trial, all Brady and Giglio material not yet produced . . . ." and a declaration that defendants' conduct violated his First Amendment and Fourteenth Amendment rights. Compl., Prayer for Relief ¶¶ 3–4. Both forms of relief are unavailable as a matter of law. Because Wilson has entered a no contest plea in the criminal case, his request for injunctive relief requiring disclosure of *Brady* material prior to trial is moot. Wilson concedes this. Plaintiff's Opposition to Defendants Michiye Vella and Laura Anderson's Motion to Dismiss Complaint ("DDA Oppo.") [Dkt. No. 21] at 19. And generally, declaratory relief is inappropriate where the alleged constitutional injury has already occurred. *Stener v. San Diego Police Dep't*, No. 08-CV-01407, 2009 WL 160921, at *6 (S.D. Cal. Jan. 22, 2009). As Wilson has not alleged the possibility of future violations, this relief is also unavailable.

**II. DDA Defendants' Motion to Dismiss**

The DDA Defendants move to dismiss each claim against them primarily on grounds of prosecutorial immunity. In response, Wilson argues that their actions were not prosecutorial in function. DDA Oppo. at 9. I agree with the DDA Defendants that they are entitled to prosecutorial immunity.

A state prosecuting attorney enjoys absolute immunity from damages liability under section 1983 for her conduct in "pursuing a criminal prosecution" insofar as she acts within her

role as an "advocate for the State" and her actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). "Immunity decisions are based on the nature of the function performed, not the identity of the actor who performed it." *Acres Bonusing, Inc. v. Marston*, 605 F. Supp. 3d 1278, 1288 (N.D. Cal. 2022) (internal quotations and citation omitted). Here, each claim is based on prosecutorial acts.

Wilson admits that the first two causes of action are based on the prosecutors' failure to correct testimony and failure to disclose impeachment material to the defense. DDA Oppo. at 12. Both failing to disclose evidence and knowingly using false testimony are protected by absolute prosecutorial immunity. *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003). Wilson contends DDA Vella and DDA Anderson each conducted investigative interviews and that such investigative conduct is not shielded by absolute immunity, DDA Oppo. at 12, but the functional inquiry is based on the alleged acts for which he seeks to impose liability. *See Peterson v. Sutter Med. Found.*, 615 F. Supp. 3d 1097, 1108 (N.D. Cal. 2022). Here, the alleged *Napue* and *Brady* violations are based on actions DDA Vella and DDA Anderson took while prosecuting the criminal case, so they are barred by prosecutorial immunity. The sixth cause of action was based on those violations, so it is also barred.

The fifth cause of action is based on DDA Vella's filing of applications for protective orders. Courts have found that seeking a protective order falls within traditional prosecutorial functions, even where the plaintiff alleges that the protective order constitutes retaliation. *See, e.g.*, *Zappin v. Cooper*, No. 20-CV-02669, 2020 WL 4753036, at *4 (S.D.N.Y. Aug. 17, 2020). Wilson cites to *Kalina v. Fletcher*, 522 U.S. 118 (1997), in support of his argument that DDA Vella was acting as a "complaining witness." County Oppo. at 11. But his claim attaches liability and harm to the *filing* of those applications. Compl. ¶ 67. The Supreme Court explicitly acknowledged in *Kalina* that the decision to file an application involved the exercise of professional judgment and therefore fell under the protection of absolute immunity. 522 U.S. at 129–30.

Accordingly, the motion to dismiss the claims against the DDA Defendants is GRANTED. Wilson seeks leave to amend because he wants to "allege . . . the contents of the two protective-order applications" and "whether [Vella] personally attested" to the facts in the applications, which per *Kalina* fall outside the protection of absolute prosecutorial immunity. *See* DDA Oppo. at 20. I am skeptical that he can do so in a way that states a plausible claim for relief, but I will allow him to try.

**CONCLUSION**

The County's motion to dismiss is GRANTED. I DISMISS the first, second, third, fourth, and sixth causes of action WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE because they are barred by *Heck*. If Wilson's conviction is overturned on appeal or through his habeas petition, he may then seek relief. I DISMISS the fifth cause of action WITH LEAVE TO AMEND within 20 days.

The DDA Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND within 20 days.

**IT IS SO ORDERED.**

Dated: October 15, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California